UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LINDA BROWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Cause No. 3:14-CV-1470 RLM-MGG |
| | ) |
| BIOMET ORTHOPEDICS, LLC, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Linda Brown sued Biomet under Louisiana's Product Liability Act and common law alleging that she was injured by a defective Biomet hip implant. Ms. Brown seeks reconsideration of my March 26 opinion and order finding that her claims were time-barred and granting Biomet's motion for summary judgment. For the following reasons, the motion is denied.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987). Ms. Brown contends that an error of law occurred in this case when I found that the delay in filing wasn't reasonable because she could and should have discovered the true identity of the manufacturer by November 9, 2012, when she filed her first lawsuit against DePuy and Johnson & Johnson. [Doc. No. 168 at pp. 12-13]. She asserts that she filed suit against DePuy in 2012 because her physician told her in 2009 that she was getting a DePuy hip implant, that she believed her physician until 2014 and

wasn't required to investigate further, and that the reasonableness of her actions was a question of fact that can't be decided on summary judgment. Citing, *i.e.*, Lapuyade v. Rawbar, Inc., 190 S.3d 1214, 1224 (La. Ct. App. 2016) (limitations period tolled under Louisiana law if the plaintiff "reasonably relied on her treating physician regarding the cause" of the injury). But the burden was on Ms. Brown "to point to evidence ... that, if believed by the fact-finder, could support judgment in [her] favor," Marr v. Bank of Am., N,A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009), and she didn't meet that burden. The record on summary judgment, even when viewed in a light most favorable to Ms. Brown, "could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Ms. Brown's argument is premised on the mistaken belief that she had no duty to investigate the factual allegations in her complaints against DePuy and Biomet before she filed the complaints. Fed. R. Civ. P. 11 clearly imposes such a duty.

Ms. Brown retained the services of counsel, Charles Thomas, shortly after her revision surgery in March 2012. Acting on her behalf, Mr. Thomas signed and filed the original complaint against DePuy and Johnson & Johnson in November 2012, alleging that Ms. Brown had undergone hip replacement surgery using "the Depuy ASR XL Acetabular System and the Depuy ASR Hip Resurfacing System" and had suffered damages "as a direct and proximate result of the wrongful

conduct of defendants, Depuy Orthopaedics, Inc. and Johnson & Johnson Services, Inc., in connection with the development, design, manufacture, testing, marketing, distribution, and sale of the [ASR Products]." [Doc. No. 145-6]. In so doing, Ms. Brown, through her attorney, certified to the court that: "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions ha[d] evidentiary support or, if specifically so identified, w[ould] likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3). Ms. Brown's medical records show that Biomet, not DePuy, manufactured the device in question.

Unlike the plaintiff in *Lapuyade*, Ms. Brown isn't relying on a physician's statement about the cause of her injury – a question of fact which might preclude summary judgment. In her deposition (the only evidence submitted in support of her tolling argument), Ms. Brown simply testified that her physician told her she was getting a DePuy implant, and that she believed that until "sometime" in 2014, when she learned otherwise. [Doc. No. 145-3]. That testimony doesn't create a genuine issue of fact as to the reasonableness of her actions in this case, and doesn't provide a basis for tolling the applicable statute of limitations. Under Louisiana law, the *contra non valentem* doctrine "will not exempt the plaintiff's claim from the running of prescription if [her] ignorance is attributable to [her] own wilfulness or neglect; that is, a plaintiff will be deemed to know what [she] could by reasonable diligence have learned." Marin v. Exxon Mobil Corp., 48

So.3d 234, 246 (La. 2010) (quoting Corsey v. State of Louisiana, Through the Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979). *See also* Renfroe v. State ex rel. Dept. of Transp. And Development, 809 So.2d 947, 954 (La. 2002) (*contra non valentem* doctrine did not apply where plaintiff sued the incorrect party because true defendant's identity was discoverable within the limitations period).

Accordingly, the plaintiff's motion for reconsideration [Doc. No. 170] is DENIED.

SO ORDERED.

ENTERED:   June 22, 2017

                             /s/ Robert L. Miller, Jr.
                             Judge
                             United States District Court